USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/10/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
                                        )
SECURITIES AND EXCHANGE                 )
COMMISSION,                             )
                                        )
                    Plaintiff,          )
                                        )   17-Civ-08300 (JMF)(SN)
            v.                          )
                                        )
JOHN MADSEN, ANDALUSIAN RESORTS         )
and SPAS, INC., and BERNARD FRIED,      )
                                        )
                    Defendants.         )
_____  )

## DEFAULT JUDGMENT AS TO DEFENDANT
## ANDALUSIAN RESORTS AND SPAS, INC.

Whereas a final judgment by consent was entered against defendant Bernard Fried on January 11, 2018 (docket no. 18), and a partial judgment was entered against defendant John Madsen on March 8, 2018 ordering an injunction and penny stock bar and providing that monetary relief shall be resolved on motion of the Commission (docket no. 24), and the Court having issued an order on March 8, 2018, noting that defendant Andalusian Resorts and Spas, Inc. ("Andalusian Resorts"), had neither answered nor otherwise appeared in this action, ordering that any motion for default judgment must be entered by March 22, 2018, and ordering that Andalusian Resorts show cause on April 30, 2018 why an order should not be issued granting a default judgment against Andalusian Resorts (docket no. 25), and the matter having come before the Honorable Jesse M. Furman, United States District Judge:

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the Court grants judgment by default to plaintiff Securities and Exchange Commission and against defendant Andalusian Resorts as follows:

Andalusian Resorts is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that there being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk shall enter this Judgment forthwith and without further notice.

Dated: May 10, 2018

_____
UNITED STATES DISTRICT JUDGE

The Clerk of Court is directed to terminate Andalusian Resorts and Spas, Inc., as a party. Further, because the amended judgment against John Madsen resolved only some of the claims against him, the Clerk of Court is directed to reinstate Mr. Madsen as a party. As discussed on the record at the default judgment hearing held earlier today, the SEC shall submit a status letter with respect to any open claims against Mr. Madsen within 30 days and, to the extent any such claims have not been resolved, propose a means for resolving them.